NOT DESIGNATED FOR PUBLICATION

No. 129,280

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
RANDALL JOE RITCHIE.


MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

*Charles C. Lindberg*, of Allen & Associates Law, of Minneapolis, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before WARNER, C.J., HURST and BOLTON FLEMING, JJ.


PER CURIAM: Randall Joe Ritchie is a committed person in the Sexual Predator Treatment Program (SPTP) under the Kansas Sexually Violent Predator Act (the Act). Pursuant to the Act, Ritchie moved for an annual review hearing and petitioned for release under K.S.A. 59-29a08. The district court summarily denied Ritchie's requests. As part of the denial, the court also implicitly denied Ritchie's request for an independent examination under K.S.A. 59-29a08(c). Ritchie appeals, contending that the district court erred in its summary denial.


This court finds no error, meaning no abuse of discretion, in the district court's denial of Ritchie's petition for release. Additionally, Ritchie failed to show good cause supporting the appointment of an independent examiner. Therefore, the district court is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

Ritchie has been a committed person in the SPTP since 2012. The Kansas Department for Aging and Disability Services (KDADS) filed Ritchie's 2024 Annual Examination of Resident's Mental Condition (Annual Examination), which concluded that Ritchie's "mental abnormality/personality disorder has not so significantly changed that it would be safe for [him] to be placed in Transitional Release." Pursuant to the Act, in December 2024, Ritchie petitioned for release and moved for both an annual review hearing and independent examination.

In Ritchie's 2024 petition for release, relevant to this appeal, Ritchie argued that he completed all three tiers of the SPTP, his mental abnormality or personality disorder had changed making him safe for release, he demonstrated nothing but appropriate behavior over the preceding three years, and he claimed the State's assessment tools are unreliable. In his motion for a hearing, Ritchie reiterated the claims he made in his petition for release, disputed findings from prior years, alleged his prior counsel was ineffective, and cited to national data regarding the recidivism rate for sex offenders. He also identified experts, who he alleged, would testify on his behalf: 1) a licensed professional psychologist that interviewed Ritchie extensively and would testify that he is safe for release; 2) a SPTP therapist who provided therapy for Ritchie and would testify that he is safe for release; and 3) a polygraph examiner that would testify that Ritchie has passed every test with no deception and indicated Ritchie is not attracted to children, has no deviant behaviors, would never commit another crime, and is safe for release.

In the memorandum of law, Ritchie referenced the following in support of his request for a hearing:

- his good behavior in the preceding three years,

- his progression in the program,

- his "superior relapse prevention skills,"

- five prior opinions from two different independent examiners that suggested he was safe to be released, and

- the alleged testimony of a psychologist who would testify that Ritchie is safe to be released.

Ritchie argued the 2024 Annual Examination was prejudiced and biased because the conclusions are always the same no matter how well he does in the program, and the State does not measure his mental condition. He also questioned his diagnoses and argued they are no longer valid. Ritchie referenced cases from California, federal cases involving sexually violent predators, and an opinion from another panel of this court that allegedly addressed how the SPTP must handle transitional release.

Ritchie outlined the following reasons he was entitled to a hearing and release:

- He completed treatment and skills demonstration.

- He met all requirements for reintegration, including owning a car and cell phone, and maintaining a checking account.

- He proved he is a productive member of society with no deviant behaviors.

- He made great progress attending and participating in all scheduled groups or classes and turning in required logs.

- He met with his therapist at least once a quarter and worked on treatment areas previously identified by providers, including rule-breaking behaviors and attitudes, authenticity, transparency, and honesty.

- His ACUTE-2007 score was zero, indicating a low risk for recidivism.

- He received no notifications or significant negative progress notes during the quarter.

On January 28, 2025, the district court held a hearing on Ritchie's filings. Ritchie was not present but appeared through counsel. The State asked the court to apply K.S.A. 59-29a11 to summarily deny Ritchie's petition for release because he had recited the same arguments from prior petitions that had been denied. The court expressed its confusion regarding which of Ritchie's pro se filings to consider when applying K.S.A. 59-29a11. The State argued the court should review past petitions, including the filings from 2021 and the mandate from *In re Care and Treatment of Ritchie*, No. 125,260, 2023 WL 3910584 (Kan. App. 2023) (unpublished opinion).

Ritchie's counsel countered, stating the court should consider Ritchie's present filings. Counsel expressed confusion as to how the court could review past filings asserting that the annual review period is limited to the "time between the last filing of the examination and the filing of the next examination." Counsel also argued Ritchie was

entitled to an annual review hearing if requested and that his "Acute" score was "back to a zero," which indicated a significant change in Ritchie's mental condition.

The district court also heard arguments on whether it should order an independent examination. Ritchie's counsel clarified that Ritchie had funds to pay for an examiner and argued, under K.S.A. 59-29a08(c), that because Ritchie planned to pay for the examination, he was entitled to an examination without further consideration by the court. The State argued Ritchie needed to show good cause for the independent examination regardless of whether he was paying the associated costs. The matter was continued and another hearing was set for March 11, 2025.

At the March 11, 2025 hearing, the district court said that it would apply K.S.A. 59-29a11 because of an August 2024 finding that Ritchie had filed a frivolous petition. The district court explained its understanding and application of that statute:

> "So the—the way that I envision these statutes all connecting is there was a previous finding back on August 4th of 2024 that Mr. Ritchie had filed a frivolous petition request for transitional release at that time.
>
> "Due to that finding by the Court, then I believe that it kicks in the statute K.S.A. 59-29a11. And that statute essentially says that if—the Court shall deny a subsequent petition unless the petition contains facts upon which a Court could find the condition of the petitioner has significantly changed so that a hearing is warranted.
>
> "Upon receipt of the first or subsequent petition from a committed person[] without the secretary's approval, the Court shall endeavor whenever possible to review the petition and determine if the petition is based upon frivolous grounds; and if so, shall deny the petition without a hearing."

The court denied Ritchie's request for an annual review hearing and his petition for release. The court also noted it conducted an in camera review of the Annual

Examination and concluded Ritchie failed to show that his mental abnormality or personality disorder had significantly changed making it safe to place him in transitional release.

In March 2025, the district court issued an order denying Ritchie's motions. Specifically, the court referenced its order entered on August 4, 2024, which found Ritchie's petition for release following his 2023 Annual Examination frivolous. As a result, the court said it reviewed Ritchie's December 2024 petition to determine whether it "contain[ed] facts upon which a court could find the condition of the person had significantly changed so that a hearing is warranted." The court found no evidence of significant change:

> "While the Respondent in his petitions allege [*sic*] that he is doing well since his return, he continues to deny that there were any issues while on transitional release, should never had [*sic*] been removed, rehashes previous findings by the Court and the Mandate, and blames program staff for his current circumstances. This is not evidence of a significant change in his condition. Therefore, a hearing is not warranted."

The order memorialized the district court's conclusion that there was "not probable cause to believe that Respondent's mental abnormality or personality disorder has significantly changed that he is safe to be placed in transitional release." The court summarily denied Ritchie's motion and petition and ordered his commitment to "continue until after the next annual review hearing, motion, petition, or at such time as Respondent's condition has significantly changed to warrant release."

Relevant to the district court's decision here, Ritchie has previously petitioned for release from the SPTP. After KDADS filed Ritchie's 2021 Annual Examination, Ritchie petitioned for release. In that case, the State moved the court to summarily deny Ritchie's petition under K.S.A. 59-29a11. The district court granted the State's motion, finding Ritchie's petition frivolous and concluding there was no probable cause to believe

6

Ritchie's condition had significantly changed making it safe to place him in transitional release. Ritchie appealed.

Another panel of this court considered the district court's summary denial of Ritchie's prior petition for release. *In re Care and Treatment of Ritchie*, No. 125,260, 2023 WL 3910584 (Kan. App. 2023) (unpublished opinion). The panel reviewing that case agreed with the district court's assessment that much of Ritchie's petition was frivolous but noted Ritchie's acceptable score on one assessment tool and his active participation in the program. The panel concluded that Ritchie failed to show his condition had significantly changed warranting a hearing on his petition. As a result, the panel affirmed the district court's summary denial in June 2023. 2023 WL 3910584, at *4-5.

Thereafter, KDADS filed Ritchie's 2023 Annual Examination in November 2023, and Ritchie moved for both an annual review hearing and independent examination. In August 2024, the district court summarily denied Ritchie's requests, concluding that Ritchie's petition was frivolous in reliance on K.S.A. 59-29a11. There is nothing in the record indicating Ritchie sought appellate review of these denials.

Ritchie now appeals the district court's summary denial of his December 2024 petition for release, and requests an order appointing an independent examiner and an annual review hearing.

DISCUSSION

Ritchie appeals the district court's summary denial of his petition for release and request for an annual review hearing. He also challenges the district court's denial of his request for an independent examination.

7

## I.  THE DISTRICT COURT'S SUMMARY DENIAL WAS NOT AN ERROR.

Ritchie argues the district court erred in summarily denying his petition for release and motion for annual review hearing. He believes there should have been a hearing to determine if he was eligible for transitional release.

The Act requires KDADS to conduct an annual examination of a committed person's mental condition, and provide the committed person with an annual written notice of the person's "right to petition the court for release over the secretary's objection." K.S.A. 59-29a08(a). The committed person must request a hearing within 45 days after the filing of the annual written notice. K.S.A. 59-29a08(b). If the request is timely, the committed person has the right to have counsel represent them at the hearing—but the committed person has no right to be present at the hearing. K.S.A. 59-29a08(e).

Here, Ritchie timely requested an annual review hearing under K.S.A. 59-29a08(b). However, the district court relied on K.S.A. 59-29a11—applying to persons who have previously filed a frivolous petition for release—to determine a hearing was not warranted under the facts. The relevant language of that statute provides:

> "If a person has previously filed a petition for transitional release, conditional release or final discharge without the secretary for aging and disability services approval and the court determined either upon review of the petition or following a hearing, that the person's petition was frivolous or that the person's condition had not significantly changed so that it is safe for the person to be at large, then the court shall deny the subsequent petition, unless the petition contains facts upon which a court could find the condition of the petitioner had significantly changed so that a hearing was warranted. Upon receipt of a first or subsequent petition from committed persons without the secretary's approval, the court shall endeavor whenever possible to review the petition

8

and determine if the petition is based upon frivolous grounds and if so shall deny the petition without a hearing." K.S.A. 59-29a11(a).

This court exercises unlimited review of the district court's decision regarding a committed person's eligibility for transitional release under the Act. *In re Care & Treatment of Burch*, 296 Kan. 215, 223, 291 P.3d 78 (2012). When considering a petition for release, the committed person carries the burden to show probable cause to believe the person's mental abnormality or personality disorder has significantly changed so that the person is safe to be placed in transitional release. K.S.A. 59-29a08(d). Appellate courts must consider the evidence in the light most favorable to the committed person, drawing inferences and resolving conflicting evidence in that person's favor when reviewing a probable cause determination. 296 Kan. 215, Syl. ¶ 9. This court also exercises unlimited review over interpretation of the Act. *Nicholson v. Mercer*, 319 Kan. 712, 714, 559 P.3d 350 (2024).

Under the Act, a committed person's prior, unsuccessful petition for release triggers K.S.A. 59-29a11(a), which "reduces many of the rights of the committed person to a summary review, with a statutory mandate for the court to 'endeavor whenever possible' to determine whether a subsequent petition is frivolous and deny a hearing." *In re Care & Treatment of Miles*, 42 Kan. App. 2d 471, 475, 213 P.3d 1077 (2009). Therefore, if the district court correctly determined that K.S.A. 59-29a11 applied, then Ritchie was only permitted a hearing if his petition "contain[ed] facts upon which a court could find the condition of the petitioner had significantly changed so that a hearing was warranted." K.S.A. 59-29a11(a).

While the Act entitles a committed person to petition for release over the Secretary's objection, it also requires the district court to "*endeavor whenever possible* to review the petition and determine if the petition is based upon frivolous grounds and if so *shall deny the petition without a hearing*." (Emphases added.) K.S.A. 59-29a11(a); see

9

also K.S.A. 59-29a08(a) (outlining a committed person's right to petition for release). Thus, the question before this court is whether the district court properly applied K.S.A. 59-29a11 to summarily deny Ritchie's petition for release.

So, this court must look to Ritchie's prior filings. Most recently, Ritchie filed petitions for release—over the Secretary's objection—following his 2021 and 2023 Annual Examinations. To briefly summarize, in 2021, the State moved the court to summarily deny Ritchie's petition. The district court granted the motion. On appeal, a panel of this court found Ritchie's petition was mostly frivolous and that he did not show his mental condition or personality disorder had significantly changed, affirming the district court's summary denial. *In re Care and Treatment of Ritchie*, 2023 WL 3910584, at *5. The district court again summarily denied Ritchie's 2023 petition for release under K.S.A. 59-29a11 after finding Ritchie's petition was frivolous and that he failed to show "any facts upon which a court could find the condition had significantly changed so that a hearing was warranted." Ritchie did not appeal.

Since Ritchie has previously filed petitions for release over the Secretary's objection that have been denied as both frivolous and for a failure to make the requisite showing—i.e., that his condition had significantly changed so that it is safe for him to be on transitional release—the district court correctly invoked K.S.A. 59-29a11. Therefore, to avoid summary denial of his present petition for release, the petition must not be frivolous and must present facts supporting a finding that Ritchie's condition "had significantly changed so that a hearing was warranted." K.S.A. 59-29a11(a).

To determine whether Ritchie's 2024 petition for release demonstrates significant changes in his condition, this court must review Ritchie's arguments to determine if he demonstrates significant change between the 2023 and 2024 annual examinations.

1. According to the Amended 2023 Annual Examination, Ritchie was on Tier 2 of the SPTP during the review period (October 2022—October 2023), and despite full participation was denied advancement to Tier 3. Ritchie's feedback included "decreasing antisocial attitudes and criminogenic thinking, consistently demonstrating transparency, addressing peers and staff in a more pro-social manner, and completing additional outings without outbursts/exaggerated/inappropriate comments, and acceptance of feedback." According to the 2024 Annual Examination, Ritchie remained on Tier 2 of the SPTP during that review period.

2. For the 2023 review period, Ritchie's diagnoses included: Pedophilic Disorder, Sexually Attracted to Females, Nonexclusive Type; Frotteuristic Disorder; Antisocial Personality Disorder; and Alcohol Use Disorder, Severe in Sustained Remission. These are the same diagnoses listed in his 2024 Annual Examination.

3. The Amended 2023 Annual Examination says Ritchie participated in groups and therapeutic classes, attended therapy, and otherwise participated in the SPTP. He also demonstrated a high degree of self-motivation and expressed confidence in progressing through the SPTP. The 2024 Annual Examination has identical information.

4. The Amended 2023 Annual Examination says Ritchie was identified as "largely meeting all of the expectations and requirements of the program and Tier 2," although the report noted he continued to work on the issues detailed in numeral 1 above as well as risk factors associated with actuarial measures, reducing rule-breaking behaviors and attitudes, improving authenticity, and maintaining transparency and honesty. The 2024 Annual Examination says Ritchie continued to work on reducing rule-breaking behaviors and attitudes, improving authenticity, and maintaining transparency and honesty, as well as addressing or mitigating risk factors identified by actuarial assessments.

5. Ritchie received no notifications or significant negative progress notes and had no documented or observed behavioral problems in his living unit during the 2023 review period. The 2024 Annual Examination says Ritchie received a notification on May 28, 2024, for violating policies regarding nuisance contraband. He received no significant negative progress notes and had no documented or observed behavioral problems in his living unit.

11

6. The Amended 2023 Annual Examination says Ritchie's demeanor was reported to be friendly and courteous, he expressed motivation to make change and demonstrated a willingness to work on therapeutic issues, and he maintained an active, balanced lifestyle. The 2024 Annual Examination provides identical information.

7. The 2024 Annual Examination says Ritchie successfully completed outings. He communicated and displayed skills identifying high-risk areas and handling high-risk situations. This appears to be an improvement from the Amended 2023 Annual Examination, which noted that Ritchie showed concern during his participation in Tier 2 outings, specifically in not rerouting from high-risk individuals and drawing attention to himself.

8. The 2024 Annual Examination reports that Ritchie participated well in classes and passed them all, which is an improvement. According to the Amended 2023 Annual Examination, Ritchie did not attend all classes in which he was enrolled, failed more than one class, and contradicted material, flipped through library books during class, and attempted to distract peers.

   Both the 2023 Amended Annual Examination and 2024 Annual Examination identified Ritchie in the average risk category for recidivism based on his Static-99R score.

9. The 2024 Annual Examination says Ritchie's STABLE-2007 score indicated there was "clinically significant concern" regarding his capacity for relationship stability and deviant sexual interest. In 2023 Ritchie earned a score of 4 which placed him in the moderate level of criminogenic needs, and in 2024 he was identified with a score of 3 which placed him in the "low" level.

10. Analyzing Ritchie's Static-99R and STABLE-2007 scores together, Ritchie was in Level III for supervision and intervention during the 2023 review period, which put him at about the same rate of recidivism as the average sex offender. The 2024 Annual Examination reports identical information.

12

11. The 2023 and 2024 Annual Examinations report identical information for Ritchie's scores on the ACUTE-2007, which did not indicate any clinically significant problems.

The primary gains made during the 2024 review period—as compared to the prior year—are Ritchie's successful participation in outings and classes. The evidence suggests he is participatory and strives to make progress in the SPTP. In his brief before this court, Ritchie's sole argument in support of this issue is that he was moved to Tier 3—after the district court took the matter under advisement but before it issued its summary denial. However, the transcript of the March 11, 2025 hearing—which Ritchie cites to support his contention—merely shows that the State told the court "he was moved to Tier 3, but then moved back." The district court did not consider this evidence in making its decision, and if Ritchie was moved to Tier 3 and then moved back to Tier 2—it is unclear how that information supports Ritchie's petition for release.

Ritchie relied on the following changes between 2023 and 2024 to support his petition for release:

1. He completed all Tier 2 outings.
2. A licensed professional psychologist has interviewed Ritchie extensively and would testify that he is safe for release.
3. A SPTP therapist that provides therapy for Ritchie would testify that he is safe for release.
4. A polygraph examiner would testify that Ritchie has passed every test with no deception indicated, and that the tests indicated Ritchie is not attracted to children, has no deviant behaviors, would never commit another crime, and is safe for release.
5. He had good behavior.
6. He completed treatment and skills demonstration.

7. He participated in classes and groups, owned a car and cell phone, and maintained a checking account.
8. He participated in therapy and continued working on rule-breaking behaviors and attitudes, authenticity, transparency, and honesty.
9. His ACUTE-2007 score was zero.
10. He received no notifications or significant negative progress notes.

The record supports Ritchie's contention that he had improved participation in classes and successfully completed Tier 2 outings in 2024. Those improvements are commendable, yet there are no other facts supporting a finding that Ritchie's condition has *significantly changed* so that it is safe for him to be at large. Ritchie notes an alleged change in his ACUTE-2007 score, but both the 2023 and 2024 Annual Examination reports state that Ritchie's score indicated there were no "clinically significant problems." Even assuming his 2024 ACUTE-2007 score was "better," that instrument "assesses dynamic factors that may impact acute risk at a given point, but it is not factual support reflecting that Ritchie's mental condition or personality disorder has significantly changed." *In re Care and Treatment of Ritchie*, 2023 WL 3910584, at *4. Moreover, while Ritchie alleges three professionals would have testified on his behalf, his petition for release only includes his allegations and no evidence such as affidavits supporting those allegations.

Even viewing the facts in his favor, Ritchie has failed to show that his condition has significantly changed. Further, Ritchie's criticisms about the program, allegations questioning the reliability of the assessment tools, and complaints about former decisions of the SPTP and district court are all frivolous because they are unrelated to a finding of whether his condition has significantly changed. See *In re Care and Treatment of Ritchie*, 2023 WL 3910584, at *4-5 (making the same finding regarding Ritchie's similar arguments at that time).

14

In conclusion, Ritchie has previously filed petitions for release over the Secretary's objection, and such petitions were found to be frivolous or not showing facts that Ritchie's condition had significantly changed making it safe for him to be at large. As a result, the district court's application of K.S.A. 59-29a11 was appropriate. Further, a review demonstrates that Ritchie's petition failed to meet the requisite showing to include facts showing his condition had significantly changed making him safe to be at large. Therefore, the district court acted in accordance with the Act by summarily denying Ritchie's petition.

This court's decision does not foreclose Ritchie's ability to continue to request annual review hearings, or petition for release. However, to succeed he will need to make the requisite showing outlined in K.S.A. 59-29a11.

II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING RITCHIE'S REQUEST FOR AN INDEPENDENT EXAMINATION.

In Ritchie's second claim of error, he contends the district court abused its discretion by refusing to appoint an independent examiner under K.S.A. 59-29a08(c). Although its denial is implicit in its other ruling, the district court never explicitly ruled on Ritchie's motion for an annual review hearing. Further, while the district court did not make explicit findings regarding Ritchie's request for an independent examination, the court's findings and conclusions regarding his petition for release are applicable to the review for this issue.

District courts have discretion to appoint an independent examiner related to an annual review hearing. K.S.A. 59-29a08(c). Therefore, this court reviews a district court's decision denying the appointment of an independent examiner at the annual review stage for abuse of discretion. *In re Care & Treatment of Twilleger*, 46 Kan. App. 2d 302, 310, 263 P.3d 199 (2011). A judicial action constitutes an abuse of discretion if it is arbitrary,

fanciful, or unreasonable, or based on an error of law or fact. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024). Ritchie bears the burden of showing the district court abused its discretion. *Zaragoza v. Board of Johnson County Comm'rs*, 320 Kan. 691, 711, 571 P.3d 545 (2025).

Ritchie argues that because he could pay for the independent examiner, the district court need not do anything to determine whether the review was appropriate or permitted. Contrarily, the State argues a district court must determine if good cause supports the appointment of an independent examiner regardless of whether the person is indigent or pays for the examination. Therefore, Ritchie's argument stems from a dispute regarding the interpretation of the statute related to independent examinations under the Act. Statutory interpretation presents a question of law over which appellate courts exercise unlimited review. *Nicholson*, 319 Kan. at 714.

Under the Act, a committed person "may retain, or if the person is indigent and so requests the court may appoint, an examiner pursuant to K.S.A. 60-235, and amendments thereto, and the examiner shall have access to all available records concerning the person." K.S.A. 59-29a08(c). The statute clearly states that a committed person's right to an independent examination is dictated by K.S.A. 60-235 in both circumstances, when the committed person retains or when the committed person is indigent and is appointed such an examiner. K.S.A. 60-235 provides that the district court may order a party to undergo a physical or mental examination when the court's order for such is "made only on motion for good cause and on notice to all parties and the person to be examined," among other things. K.S.A. 60-235(a)(2). Therefore, Ritchie was required to file a motion arguing good cause for the district court to order an independent examination even if he was paying for that examination. See *In re Care and Treatment of Burch*, No. 124,554, 2022 WL 3568607, at *2, 6 (Kan. App. 2022) (unpublished opinion) (committed person required to demonstrate good cause for independent examination even if they are paying for examination and not indigent).

16

Although the district court must find "good cause" to order the independent examination, the meaning of good cause is undefined, which is not uncommon when used as a parameter for evidentiary and discovery orders given the common understanding of the phrase and the discretion permitted in its application. See *Creative Planning v. Greco*, 66 Kan. App. 2d 649, 670, 589 P.3d 15 (2026) (discussing the good cause requirement in the context of discovery orders); *Jackson v. Johnson County*, 64 Kan. App. 2d 345, 355, 551 P.3d 217 (good cause "is usually not given any further definition"), *rev. denied* 319 Kan. 834 (2024).

K.S.A. 59-29a08(c) provides criteria the district court must consider before appointing an examiner, and these provide guidance on what constitutes good cause for ordering an independent examination:

> "If the person is indigent and makes a request for an examiner, the court shall determine whether the services are necessary and shall determine the reasonable compensation for such services. The court, before appointing an examiner, shall consider factors including the person's compliance with institutional requirements and the person's participation in treatment to determine whether the person's progress justifies the costs of an examination."

At least one other panel of this court has interpreted this language to mean that when a committed person requests the appointment of an examiner—regardless of the indigency of the person—the court should consider the person's compliance with institutional requirements and participation in treatment in its determination of whether such services are necessary. See *In re Care and Treatment of Merryfield*, No. 128,169, 2025 WL 2267889, at *2 (Kan. App. 2025) (unpublished opinion).

In determining whether good cause exists to order an independent examination under K.S.A. 59-29a08(c)—whether the person is indigent or not—the district court

17

should consider the person's compliance with the program and the person's participation in treatment. These factors are not exclusive, meaning the court could consider other factors that tend to demonstrate the need for the examination. Therefore, this court must determine whether Ritchie demonstrated such good cause to obtain an order from the district court for an independent examination. According to the 2024 Annual Review, Ritchie participated in—and largely complied with—the program during the reporting period. However, participation and compliance are a low bar and should be expected of every participant. The district court found that Ritchie had not shown a significant change in his condition. Here, Ritchie provides no support for a good cause showing, and this court cannot create such an argument on his behalf. The district court has discretion to enter an order for an independent examination upon a showing of good cause, and Ritchie has failed to show the district court abused its discretion in denying the request.

CONCLUSION

Ritchie had the right to petition for release, and request an annual review hearing. However, because Ritchie's prior petition was deemed frivolous and his current petition failed to show his condition had significantly changed making it safe for Ritchie to be at large, the district court properly summarily denied his request as set forth in K.S.A. 59-29a11. Further, because Ritchie failed to demonstrate good cause for the court to order an independent examination, Ritchie failed to show that the district court's implicit denial of his request for the appointment of an independent examiner constituted an abuse of discretion.

Affirmed.